CHRISTIAN, J. The offense is murder; the punishment confinement in the penitentiary for 15 years.

Two bills of exception are brought forward. Both are in question and answer form. No certificate of the judge showing the necessity of such form appears. Bills of exception in question and answer form are not entitled to consideration. Montez v. State, 101 Tex. Cr. R. 582, 276 S. W. 709; Robbins v. State, 100 Tex. Cr. R. 592, 272 S. W. 175; Romez v. State, 93 Tex. Cr. R. 92, 245 S. W. 914; Jetty v. State, 90 Tex. Cr. R. 346, 235 S. W. 589. Where a bill of exception appears in question and answer form, in order to receive consideration, the certificate of the trial judge must show the necessity for such form. Lee v. State, 100 Tex. Cr. R. 664, 274 S. W. 582.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**SPRINGER v. STATE.  (No. 11431.)**

Court of Criminal Appeals of Texas.  April 4, 1928.

Fish ⚖️15—Evidence held sufficient to support conviction for unlawfully taking fish by means of dynamite.

In prosecution for unlawfully taking fish by means of dynamite, evidence *held* sufficient to support conviction.

Appeal from Montgomery County Court; W. H. Lee, Judge.

Bud Springer was convicted of unlawfully taking fish by means of dynamite, and he appeals. Affirmed.

Winfree & Weslow, of Houston, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for unlawfully taking fish by means of dynamite; punishment, a fine of $25 and 30 days in the county jail.

There are no bills of exception in the record. We have carefully examined the statement of facts, and deem same sufficient to justify the conclusion of the jury. From same it appears that Mr. Dulaney saw a Ford car drive into Spring Creek bottom. Presently he heard two explosions, rode rapidly back, came within 50 or 75 yards of the same car he had seen enter the bottom, which

was parked 50 or 75 yards from the creek. Here he heard a third explosion, and ran down to the creek. He said the water in the first hole to which he came was muddy, and that the leaves on the trees above the hole were wet and dripping, and some dead fish were on top of the water, and that a white perch was struggling, but still alive, which he drew to the bank, and found that its body was bruised and its bones broken. He went on down to another hole, which presented the same condition of disturbance. He went back to the car, and saw appellant and two others at the car, which belonged to one of them. One of the men had on wet clothes. It had recently been raining, and this witness and another followed the tracks of three men from the car in question to the water hole in question, and back again. In addition to what has been above detailed, the witnesses said they found paper which had come off of dynamite sticks and a string tied to a chunk, etc. These facts we deem sufficient.

The judgment will be affirmed.